IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| PLAMEN KOSOVSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BLUE LIGHTING ENTERPRISES, LLC | ) |
| and OFFIE COWART, | ) |
| | ) |
| Defendants. | ) Civil Action No. 1:23-CV-189-C |

## ORDER

Plaintiff filed the instant lawsuit in the 295th Judicial District Court for Harris County, Texas, on August 11, 2023. On September 21, 2023, Defendant Blue Lighting Enterprises, LLC, filed its Original Answer and did not challenge venue in Harris County. Said Defendant then filed its Notice of Removal and removed the action to this Court. Plaintiff filed its Motion to Remand within the 30-day period for challenging improper removal based upon a procedural defect. *See* 28 U.S.C. § 1447(c).

The party seeking to remove a case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Any doubts should be strictly construed in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014). Plaintiff seeks remand because Defendant Blue Lighting Enterprises has removed this action to the Abilene Division of the United States District Court for the Northern District of Texas from a State district court encompassed by the United States District Court for the Southern District of Texas. As aptly noted by Plaintiff, "[a] defendant or defendants desiring to remove any civil action from

a State court shall file in the district court of the United States for the district and division within which such action is pending. . . ." 28 U.S.C. § 1446(a).  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court for the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Here, it is undisputed that Defendant Blue Lighting Enterprises has removed this action to not only the wrong division, but also the wrong United States District Court.  Defendant, in its Response to the Motion to Remand, argued that the case should have originally been filed in Howard County, Texas.  Said location is indeed within the Abilene Division of this Court.  However, that is not where the case was filed and not where it was on file at the time of removal.  Thus, the removal was procedurally improper.  As such, the case must be remanded and Plaintiff's Motion to Remand is **GRANTED**.

In the alternative, Defendant Blue Lighting Enterprises moves to transfer venue to the United States District Court for the Southern District of Texas.  Yet, that is not an option at this juncture because the case must be returned to where it was improperly removed.  Transfer of venue is governed by 28 U.S.C. § 1404, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).  Defendant filed an answer to Plaintiff's state-court petition without filing a motion challenging venue before filing the answer or raising the venue challenge in the answer.  By failing to timely raise a venue challenge, Defendants waived their right to make a motion to dismiss for improper venue. See Fed. R. Civ. P. 12(b) & (h); § 1406(b); *United States Brass Corp. v. Am. Gas*

*Furnace Co.*, No. 3:01-CV-0414-H, 2001 U.S. Dist. LEXIS 13251, at *3-6 (N.D. Tex. Aug. 29, 2001) (holding that a defendant who files an answer before moving pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406 to dismiss for improper venue waives the defense). Nothing in the Federal Rules or the removal statutes allow for the case to be sent anywhere other than to the State court from where it was improperly removed. *See Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549-550 (5th Cir. 2020). Defendant's Motion to Transfer Venue is **DENIED**.

The Court ORDERS the Clerk of Court to **REMAND** the above-styled and -numbered action to the 295th Judicial District Court for Harris County, Texas.

SO ORDERED this 20th day of December, 2023.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

3